UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------------------------X
LATOYA HINDS,

                                Plaintiff(s),

    -against-

PORTFOLIO RECOVERY ASSOCIATES, LLC,

                                Defendant(s).
-------------------------------------------------------------------X

Civil Action No.:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

      Plaintiff, LATOYA HINDS (hereinafter, "Plaintiff"), by and through her attorneys, The Woods Law Firm, LLC, as co-counsel, as and for her Complaint against the Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC (hereinafter "Defendant"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

      1.    Plaintiff brings this action for monetary damages, as well as declaratory and injunctive relief arising from the Defendant's violations of §1692 *et seq*. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and the Connecticut Unfair Trade Practices Act ("CUTPA"), as codified in C. G. S. 42 § 110 *et seq*.

## PARTIES

      2.    Plaintiff is a natural person and a resident of the State of Connecticut, who resides at 236 Ridgewood Road, East Hartford, Connecticut.

      3.    Defendant, upon information and belief, is a limited liability company organized pursuant to the laws of the Commonwealth of Virginia, engaged in the business of debt collection, with its principal place of business in Norfolk, Virginia.  Defendant, upon information and belief,

1

regularly collects debts and regularly transacts business in the State of Connecticut

4. Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq*. and 28 U.S.C. §2201. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8. On information and belief, Defendant, in or around March 13, 2014, initiated litigation against the Plaintiff with respect to an alleged consumer debt", which Defendant claimed to have been assigned from MBNA.

9. In connection therewith, the Defendant prepared a summons and two-count Complaint. The Complaint was signed by Holly Nelen, Esq. The caption of the Complaint was "Portfolio Recovery Associates, LLC, assignee of MBNA v. Hinds." Attached hereto and made a part hereof is a true and accurate copy of the Complaint prepared by the Defendant's counsel dated March 13, 2014, annexed as Exhibit "**A**."

10. Paragraph 2 of Count 1 of the Defendant's Complaint states that "Portfolio Recovery Associates, LLC purchased title to this debt on 6/27/13 for valuable consideration and as such is the bona fide owner of the debt." See, Exhibit "**A**."

11. Paragraph 3 of Count 1 of the Defendant's Complaint states that Plaintiff "continues to fail to make payment in full." See, Exhibit "**A**."

12. Defendant implied that it was the assignee of and had purchased the alleged debt from MBNA. The implication was material.

13. Paragraph 7 of Count 2 of the Defendant's Complaint states that MBNA "transmitted" the final statement to the Plaintiff. See, Exhibit "**A**."

14. Plaintiff did not owe any money to MBNA at the time of the service and filing of the Complaint. Further, upon information and belief, MBNA ceased operations in or around September 22, 2006 and did not mail the so-called final statement to the Plaintiff.

15. The Defendant's statements violated the FDCPA and CUTPA.

## FIRST CAUSE OF ACTION
### (Violation of the FDCPA – 15 U.S.C. §1692 e)

16. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "15" herein with the same force and effect as if the same were set forth at length herein.

17. The Defendant violated 15 U.S.C. §1692 e which prohibits a debt collector from using any false, deceptive or misleading statements in connection with the collection of a debt.

18. The false, deceptive and misleading statements made by the Defendant were material.

19. The Defendant violated 15 U.S.C. §1692 e by implying that it was the assignee of the alleged MBNA debt and by falsely stating that MBNA had "transmitted" the final statement to the Plaintiff which served as the predicate of the lawsuit.

20. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
**(Violation of the FDCPA – 15 U.S.C. §1692 e (10))**

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "15" herein with the same force and effect as if the same were set forth at length herein.

22. 15 U.S.C. §1692 e (10) makes the use of "any false representation or deceptive means to collect or attempt to collect any debt…" an FDCPA violation. (See, 15 U.S.C. 1692 e (10)).

23. The Defendant violated 15 U.S.C. §1692 e (10) which prohibits a debt collector from using any false, deceptive or misleading statements in connection with the collection of a debt.

24. The false, deceptive and misleading statements made by the Defendant were material.

25. The Defendant violated 15 U.S.C. §1692 e by implying that it was the assignee of the alleged MBNA debt and by falsely stating that MBNA had "transmitted" the final statement to the Plaintiff which served as the predicate of the lawsuit.

26. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## THIRD CAUSE OF ACTION
**(Violation of the FDCPA – 15 U.S.C. §1692 e (2)(A))**

27. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "15" herein with the same force and effect as if the same were set forth at length herein.

28. 15 U.S.C. §1692 e (2)(A) makes the false representation of the character, amount, or legal status of any debt an FDCPA violation. (See, 15 U.S.C. 1692 e (2)(A)).

29. The Defendant violated 15 U.S.C. §1692 e (2) (A), when it stated that Plaintiff "continues to fail to make payment in full."

30. Upon information and belief, the underlying revolving credit obligation which served as the basis for the lawsuit against the Plaintiff did not contain a contractual acceleration clause, and, therefore, Plaintiff would not have been required to make "payment in full."

31. The false representation of the character, amount, or legal status of the alleged debt was material.

32. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## FOURTH CAUSE OF ACTION
### (Violation of the FDCPA – 15 U.S.C. §1692 f)

33. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "15" herein with the same force and effect as if the same were set forth at length herein.

34. 15 U.S.C. §1692 f prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect any debt. (See, 15 U.S.C. 1692 f).

35. The Defendant employed unfair or unconscionable means in connection with its collection and attempted collection of the debt allegedly owed by the Plaintiff.

36. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## FIFTH CAUSE OF ACTION
### (Violation of the Connecticut Unfair Trade Practices Act)

37. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "15" herein with the same force and effect as if the same were set forth at length herein.

38. Defendant's actions in falsely representing that MBNA mailed the final statement to Plaintiff, that Plaintiff was required to pay the alleged credit card account in full, and that Defendant was the assignee of MBNA – constitute an unfair trade practice, which offends public policy, is immoral, unethical, and unscrupulous in the context of trade or commerce in the State of Connecticut, and which has caused substantial economic injury to the Plaintiff.

39. Defendant's actions constitute a *per se* violation of the Connecticut Unfair Trade Practices Act.

40. Simply, the Defendant engaged in a trade practice which ran counter to public policy and for which the Plaintiff suffered an ascertainable loss of money.

41. A copy of this complaint has been forwarded to the Attorney General of the State of Connecticut, as well as the Commissioner of Consumer Protection.

42. By virtue of the aforesaid, the Defendant has violated the Connecticut Unfair Trade Practices Act and is liable to the Plaintiff for nominal and punitive damages, treble damages, and attorney's fees.

## **DEMAND FOR TRIAL BY JURY**

43. Plaintiff, LATOYA HINDS, hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, LATOYA HINDS, demands judgment from the Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, as follows:

1. A Declaratory judgment that Defendant's conduct violated the FDCPA and the Connecticut Unfair Trade Practices Act.
2. An award of nominal and punitive damages and attorney's fees pursuant to the Connecticut Unfair Trade Practices Act as codified in C.G.S. § 42-110a, *et seq.*, as amended;
3. All costs and disbursements of this action, pursuant to 15 U.S.C. §1692 k (a) (3).
4. Statutory damages pursuant to 15 U.S.C. §1692 k (a) (2) (A).
5. Actual damages pursuant to 15 U.S.C. §1692 k (a) (1).
6. An award of reasonable attorney's fees pursuant to 15 U.S.C. §1692 k (a) (3).
7. An award of punitive damages.
8. Damages pursuant to the Connecticut Unfair Trade Practices Act.
9. Statutory post-judgment interest pursuant to C.G.S. §52-356d (e) and C.G.S. § 37-3a, as amended;
10. Such other and further relief as the Court deems just.

Dated: Hartford, Connecticut
March 12, 2015

Respectfully submitted,

/s/ Roderick D. Woods, Esq.

By: _____
Roderick D. Woods, Esq. (ct29447)
THE WOODS LAW FIRM, LLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
Phone:    (860) 549-6275
Facsimile: (860) 371-3242

*Attorney for the Plaintiff Latoya Hinds*